IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | CASE NO. 7-20-CV-009 |
| | § | |
| 5.840 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN STARR COUNTY, STATE | § | |
| OF TEXAS; UNKNOWN HEIRS OF | § | |
| PEDRO GARZA, ET AL, | § | |
| *Defendants* | § | |
| | § | |

## DEFENDANT ROMAN CATHOLIC DIOCESE OF BROWNSVILLE
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DEFENDANT **ROMAN CATHOLIC DIOCESE OF BROWNSVILLE** (hereinafter at times referred to as "Defendant") and files this its original answer under authority of Rule 71.1(e)(2) of the Federal Rules of Civil Procedure to the UNITED STATES OF AMERICA's Complaint in Condemnation, Declaration of Taking and Notice of Condemnation and in support thereof would respectfully show as follows:

### RESPONSES TO COMPLAINT IN CONDEMNATION (DOCUMENT 1)

1.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 1.

2.      Defendant admits the allegations in section 2, subject to its objections and defenses hereinafter.

3.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 3.

4.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 4.

5.      Defendant owns the full fee simple absolute title and estate to a certain tract of land involved in this condemnation action, by a deed recorded in the Deed Records of Starr County, Texas, filed for record on June 25, 2002 as document number 2002-223498. The property owned by the defendant Diocese is the surface only of 2.802 acres of land which is mostly cleared land reflected on the schedules. Defendant does not own any interest in the other acreage which make up part of this condemnation.

6.      To the extent that number six requires an answer, Defendant objects to the extent that said proposed condemnation and temporary taking does not justly compensate Defendant for all the land being affected by the temporary taking and does not compensate adequately. Said temporary assignable easement and possession also will clearly interfere with the Defendant's uninterrupted right to continue to use its adjoining property for mass and other religious worship, and the other facilities thereon. Defendant further objects and relies on all its defenses set out hereinafter. The adjoining property to the property sought to be condemned here is where Santa Rosa de Lima Catholic Church is located. There is also a large building owned by the Diocese which serves as Religion classes for children of the church and has a meeting room and kitchen. This building is used for retreats and other services. There is also a parking lot to serve these properties. Masses are held presently on Sunday and Tuesday and also on special religious holidays.

Answering further from any date the possession is granted it should be much less than 12 months to conduct the activities required by the government. In the event that the government files a motion for immediate possession then the time period for it to conduct its activities should be shortened significantly from the 12 months requested to a time period no longer than 2 months. Based upon information and belief the activities to be done would not require a significant amount of time. The Court should also require the government and any of its agents, contractors, or assigns that go on the property to fully indemnify the Defendant in the case of any claims for death or injuries to person or property. The Court should require the Government contractors, agents and assigns have adequate insurance to cover any claims that could be made for damages to person or property while conducting activities on Defendant's property.

7.      To the extent that number seven requires an answer, Defendant objects to the extent that said proposed condemnation and temporary taking does not justly compensate Defendant for all the land being affected by the temporary taking and does not compensate adequately for its take. Said temporary possession also will interfere with the uninterrupted right to continue to use the adjoining property for mass and other religious worship.

8.     Defendant asserts that it is the undivided fee simple surface owner of a certain part of the land affected by this condemnation suit, that being 2.802 acres.

9.     To the extent an answer is required, Defendant claims a full surface fee simple absolute interest in the 2.802 acres of the property. To the extent that the Starr County Tax Assessor Collector should be notified, the same can occur.

## RESPONSES TO THE DECLARATION OF TAKING (DOCUMENT 2)

1.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 1.

2.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 2.

3.     Defendant admits the allegations in section 3 as it pertains to the 2.802 acre tract of the Diocese land only.

4.     Defendant admits the allegations in section 4.

5.     Defendant owns a full absolute fee simple surface estate in part of the land involved in this condemnation action, by a deed recorded in the Deed Records of Starr County, Texas filed for record on June 25, 2002 as document number 2002-223498. This is 2.802 acres of land.

6.     Defendant denies that the sum estimated is just compensation for the temporary assignable easement being sought or condemned. Defendant asserts that the just compensation is much greater and that the Plaintiff has not taken into the account the entire effect on the entire tracts adjoining tract owned by the Diocese. Pursuant to Rule 71.1(h)(1)(B), Federal Rules of Civil Procedure, Defendant requests a trial by jury to establish the just and fair compensation for the land of 65.791 acres being temporarily taken or sought and for damages that may result from the proposed temporary take.

7.     Defendant asserts that it is absolute fee simple surface owner of part of the land affected by this condemnation suit that being the 2.802 acres. To the extent that the Starr County Tax Assessor Collector or other tax bodies should be notified, then same can occur.

8.     Defendant denies that best efforts were made to negotiate the acquisition of the property interest sought prior to filing this condemnation action.

## DEFENDANTS' OBJECTIONS AND DEFENSES

Pursuant to Rules 71.1(e)(2) Defendant sets out all the following as objections and/or defenses to the complaint in condemnation and declaration for taking of a temporary assignable easement on the 2.802 acres owned by this Defendant. Defendant would show the following:

1.    To the extent that the proposed declaration of taking for survey and temporary possession conflicts with the First Amendment of the United States Constitution and the Defendant's property and the uninterrupted right of Defendant to free exercise of its Religion, Defendant objects to the taking.  The First Amendment to the Constitution of the United State of America which was ratified effective December 15, 1791 reads in part as follows: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof"… Even the proposed temporary taking will certainly impede or interrupt the Defendant's right to exercise its freedom of religion.  Defendant would further assert that there can be no waiver of the First Amendment right concerning the right to exercise its freedom of religion.  Defendant would show that it is what is called a public juridic person under the Code of Canon Law of the Roman Catholic Church.  *See Canons 113 and 114*.  The purpose of a Diocese is to do the mission of the church as set out in the Code of Canon Law. Purposes as noted in Canon Law 114 pertain to works of piety, of the apostolate or of charity, whether spiritual or temporal.  Within a Diocese, the Diocesan Bishop is responsible for the care of the Diocese and possesses all the ordinary, proper and immediate power which is required for the exercise of his pastoral office within the Diocese.  *See Canons 376 and 381*.  The Diocesan Bishop represents his Diocese in all juridic affairs.  *See Canon 393*.

Answering further, Defendant would show that on the adjoining property owned by the Diocese is a sacred building destined for divine worship to which the faithful have a right of access for divine worship, especially its public exercise.  *See Canon 1214*. Any restriction or interference with the Diocese and its faithfuls abilities to use the Santa Rosa de Lima Church would be in conflict with the Canon Law of the Roman Catholic Church.  This Court's subject matter jurisdiction over this suit may require the interpretation and application of principles of Canon Law of the Roman Catholic Church. The First Amendment of the United States Constitution, as applied to the States by the Fourteenth Amendment, provides that Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof U.S. Const. Amends I, XIV. Thus, the Constitution mandates that government and religion remain separate, and forbids the government from interfering with the right of hierarchical religious bodies to establish their own internal rules and regulations in certain situations.  *See Serbian E. Orthodox Diocese v. Millivojevich,* 426 U.S. 696, 708-09, 724-25, 96 S. Ct. 2372, 2380, 2387-88, 49 L.Ed.2d 151 (1976). Specifically, the First Amendments Religion Clauses protect the right of religious organizations to control their internal affairs. *Cannata v. Catholic Diocese of Austin*, 700 F. 3d 169, 172 (5th Cir. 2012).  The First Amendment's establishment

and free exercise clauses together radiate a spirit of freedom for religious organizations, and independence from secular manipulation or control, that places matters of church government and administration beyond the purview of civil authorities. *McClure v. Salvation Army*, 460 F.2d 553, 559-60 (5th Cir. 1972) (citations omitted).   The church autonomy afforded under the Constitution protects the ability of religious organizations to be free from state interference in matters of church government.  *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (internal quotations omitted). To the extent that Plaintiff's action will interfere in matters of church government involving that sacred building, Defendant relies on the foregoing case law to prevent such interference.

2. To the extent that the National Historic Preservation Act 54USCA section 300101, et.seq. requires federal agencies to decide if their projects may adversely impact a historic property and cultural resource, and to the extent that the Act applies herein, Defendant objects and requests that the Court require the Plaintiff Government to comply with all aspects of this or any other statutes concerning any activities that the Plaintiff may be allowed to perform on the proposed area to be taken for temporary possession.

3. To the extent that the proposed declaration of taking violates the Religious Freedom Restoration Act of 1993 codified at 42 USC section 2,000bb through 42 USC section 2,000bb-4 also known as RFRA, the Defendant would object to the taking.  In connection with this the Defendant would show that on an adjoining property it has a church and church hall, where mass and other Catholic religious services are conducted. The proposed temporary taking would significantly impact these religious activities. The proposed area to be surveyed is close to the Church noted hereinabove.

4. Defendant objects to the extent that the public purpose for which the interest in the property is being taken exceeds the statutory authorization in Title 8 USCA, section 1103(b) and note. Upon information and belief that statute provides for reinforced fencing and also provides for the installation of additional physical barriers, roads, lighting, cameras, and sensors to gain operational control of the southwest border. To the extent that said public purpose noted by Plaintiff exceeds or contradicts the statute and does not define related structures, Defendant objects. Plaintiff has identified public purpose in Section 4 of the Complaint in Condemnation; and Schedule B attached to the complaint and the Declaration of Taking and Notice.

5. The amendments of Public Law 110-161, Div E, Title V, § 564, 121 Stat. 2090, (enacted December 26, 2007) require that the construction of fencing by situated "along the border". Defendant objects to the taking of its land since it is neither situated on or adjacent to the U.S. – Mexico border as defined by Article V of the

Treaty of Guadalupe Hidalgo, and recognized by this Court in *Amaya v. Stanolind Oil & Gas,* 62 F. Supp. 181, 194 (S.D. Tex.1945) and the Supreme Court in *U.S. v. Louisiana,* 363 U.S. 1, 36, 48; 80 S. Ct. 961; 4 L.Ed. 2d 1025 (1960). Defendant asserts that Plaintiff does not have authority under the enabling statute to condemn Defendant's property because it is outside of the scope of the property authorized for condemnation by Congress. Answering further because of the close proximity to some of the buildings in question to the areas to be surveyed it would almost be impossible to place any "related structures" on the Defendants property. Therefore, Defendant requests that it be clarified what the other "related structures" are.

6.    To the extent that the waiver published in the Federal Register on October 11, 2018 submitted by the Department of Homeland Security waiving several statutes including various environmental statutes, Defendant objects to the extent that this waiver could be in non compliance with federal law. Further to the extent that any Court was to issue an injunction or restraining order against said waiver and requiring the compliance with the various federal statutes listed in said waiver submitted as document citation 83FR51472 found at pages 51472-51474 of the Federal Register and reflected as documents number 2018-22063, Defendant would join In any such request for injunction relief.

7.    To the extent that the waiver published in the Federal Register on October 11, 2018 waives several statutes involving historical preservation acts possible burial grounds or archeological sites, Defendant objects to the extent that this waiver can be in noncompliance with Federal Law this would be specially true involving tract RGV-MCS-2212 which as noted previously has had a chapel and other structures there since at least 1865 and burials and other activities may have taken place during this great expanse of years which should necessitate compliance with all such statutes before any activities are allowed to take place on tract RGV-MCS-2212.

8.    To the extent that the Plaintiff may not have complied with all federal statutes before declaring a public purpose, Defendant objects.

9.    Plaintiff has failed to clearly identify whether its offer takes into consideration or provides any damages separately to that portion of the property being used by the Plaintiff, for its survey and other activities.

10.    That the Plaintiff has failed to provide just and adequate compensation for all the land being temporarily taken.

11.     That the Plaintiff has failed to adequately consult under the consultation clause of the note to Title 8 USCA, section 1103. Said negotiations should be a condition prior to entry onto the property after the taking has been completed. Defendant

acknowledges that the Plaintiff's representatives consulted with the Defendant and its attorney. As a result of these discussions there should of have been no request for a temporary taking based on the religious activities that take place on the property, the residence, library and other structures.

12.     To that extent that parts of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, Title 42 USCA, sections 4601, et. seq. may apply that the Plaintiff be required to comply with those provisions, before any temporary possession or taking of a temporary assignable easement is allowed.

13.     That any order of possession be done in compliance with Title 40 USCA, section 3114.

14.     In the alternative, that the Court fix the time and the exact terms on which the Plaintiff may take possession of the Defendant's property.

15.     Defendant requests a trial by jury as noted hereinabove pursuant to Rule 71.1(h)(1)(b) of the Federal Rules of Civil Procedure to determine, just compensation of the land temporarily taken.

16.     Defendant has not been provided with any documentation as to how the Plaintiff arrived at the value in the offer or deposit made and Defendant objects to said offer.

17.     Answering further, Defendant reserves all rights it may have under Title 28 USCA, section 2412, the Equal Access to Justice Act to recover attorneys fees for the condemnation.  Also see USA vs. 329.73 acres of land, et. al., 704 F 2d 800(5th Cir.1983, en banc)

18.     Defendant also reserves its right to receive additional interest on any final award of compensation as provided for in Title 40 USCA, section 3116.

19.     Defendant reserves its right to receive all adequate written notices which may be required before any entry on to the Defendant's land, which are being sought. And in connection with this ask Defendant asks for that to be part of any terms and conditions in any order of possession.  This is especially important in light of the activities taking place.

20.     Public Law 110-161, Div E, Title V, § 564, 121 Stat. 2090, (enacted December 26, 2007), requires Plaintiff to "consult with the Secretary of the Interior, the Secretary of Agriculture, States, *local governments*, Indian tribes, and *property owners* in the United States to minimize the impact on the environment, culture, commerce, and quality of life for the communities and residents located near the sites at which such fencing is to be constructed."(*emphasis added*) Plaintiff has

failed to conduct meaningful consultation with the representatives of Defendant's community prior to filing this complaint in condemnation. Plaintiff's failure to conduct meaningful consultation deprives Plaintiff of any authority to engage in temporary possession and condemnation of Defendant's property at this time.

21.     To the extent that the condemnation at this time does not conform with the Uniform Appraisal Standards for Federal Land Acquisitions, Defendant objects.

22.     To the extent that the proposed condemnation has failed to comply with all the guidelines set out of the Department of Homeland Security's Brochure entitled Acquiring Real Property for Border Security Infrastructure in Support of the Secure Border Initiative, Defendant objects.

23.     Defendant further reserves the right to file additional objections or defenses to the temporary taking by the Plaintiff, United States of America if circumstances change, or any amendments are filed by the Plaintiff.

WHEREFORE, Defendant Roman Catholic Diocese of Brownsville requests that:

1.      Judgment be rendered denying Plaintiff's right to condemn and obtain a temporary assignable easement or for any other purpose on Defendant's property.

2.      In the alternative, if the property is taken under a temporary assignable easement then this Honorable Court consider all the objections and defenses set out hereinabove, before granting possession and place reasonable limitations on said temporary possession. As requested herein above the Court should place requirements for the Government and/or its agents, assigns, or contractors to fully indemnify Defendant against any claims for any personal injury, death, or property damage while conducting activities on the Defendant's property which would fully protect and indemnify the Defendant's from such claims.

3.      To the extent applicable, Defendant be allowed recovery of its expenses for attorney fees in defending against this condemnation action pursuant to the provisions therefore in the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a)(1) if applicable and to the Equal Access to Justice Act, Title 28 USCA, section 2412, if applicable.

4.      The Court grant Defendant such other and further relief as the Court deems proper.

5.      Defendant requests a trial by jury, pursuant to Rule 71.1(h) (1) (B) on the issue of just and adequate compensation.

Respectfully submitted,
**ROMAN       CATHOLIC       DIOCESE       OF
BROWNSVILLE, Defendant**

By:      */s/ David C. Garza*
         **David C. Garza (Attorney in charge)**
         Texas State Bar No. 07731400
         Southern District of Texas ID No. 3778
         dgarza@garzaandgarza.com
         GARZA & GARZA, L.L.P.
         680 East St. Charles, Suite 300
         P.O. Box 2025
         Brownsville, Texas  78522-2025
         Telephone: (956) 541-4914
         Fax: (956) 542-7403
         **ATTORNEY FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2020, I electronically filed the foregoing original answer by Defendant with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record and that I emailed a copy to the following:

**Roland D. Ramos**                                    *email: roland.ramos@usdoj.gov*
Assistant United States Attorney
Southern District of Texas No. 3458120
Texas Bar No. 24096362
1701 W. Bus. Highway 83, Suite 600
McAllen, Texas 78501
Tel.: (956) 618-8010
Fax: (956) 618-8016

         /s/ *David C. Garza*
         David C. Garza