# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 7:20-cv-009 | |
| § | | |
| 5.840 ACRES OF LAND, MORE OR LESS, § | JURY TRIAL DEMANDED | |
| SITUATE IN STARR COUNTY, § | | |
| STATE OF TEXAS; UNKNOWN HEIRS, § | | |
| OF PEDRO GARZA, *ET.AL.* § | | |
| *Defendants*. § | | |

## DEFENDANT ROMAN CATHOLIC DIOCESE OF BROWNSVILLE
## BRIEF FOR JUST AND ADEQUATE COMPENSATION

Pursuant to the Court's Order (Dkt. No. 31), Defendant Roman Catholic Diocese of Brownsville ("Defendant"), files this brief in support of its request for just and adequate compensation by the United States of America ("Plaintiff") for the easement requested over its property. However this Defendant still strenuously objects to the granting of the right of entry on any of its property and incorporates herein by reference its arguments in its response in opposition to the government's motion for possession. (Docket No. 23)

### A.  BACKGROUND

1. On January 15, 2020, Plaintiff filed this condemnation action, Dkt. 1, and Defendant answered, Docket No. 13.

2. The parties have engaged and continue to engage in good-faith negotiations, but have been unable to resolve the issue of just compensation.

3. The government asserts that $100.00 is just and adequate compensation. Dkt. No. 1-6, *see also* Dkt. No. 16. For the reasons set forth below, Defendant disagrees. As explained below, the fair market value of access to the requested land should be at least $1,000 annually, or

**DEFENDANT ROMAN CATHOLIC DIOCESE OF BROWNSVILLE BRIEF FOR JUST AND ADEQUATE COMPENSATION**

at least $83.33 per month, on the open market, and thus this is the proper amount of just compensation for such an easement. .

### B. APPLICABLE STANDARD

4.  The government must "compensate [the landowners] for the loss [they] suffered by being deprived of this property for this period of time." Interagency Land Acquisition Conference, *Uniform Appraisal Standards for Federal Land Acquisitions*, (2016) at 4.6.5.1.2 [hereinafter *Yellow Book*]; *see also United States v. Michoud Indus. Facilities*, 322 F.2d 698, 708 (5th Cir. 1963). In assessing compensation, courts have acknowledged that in a temporary easement, the landowner's interest in the subject property remains bound up in the ultimate reversion of the property to the landowner. *See Kimball Laundry Co. v. United States*, 338 U.S. 1, 14 (1949).

5.  The proper measure of just compensation in federal takings actions is fair market value. *United States v. New River Collieries Co.*, 262 U.S. 341, 345 (1923). Fair market value is predicated on the amount an informed willing buyer would have paid to an informed willing seller in an arm's-length transaction, without any compulsion to execute the transaction. 5th Cir. Pattern Jury Instr. – Civ. 13.3 (2016); *see also Kimball Laundry Co.*, 338 U.S. at 7.

6.  In determining fair market value, just compensation should be based on "the highest and most profitable use for which the property is adaptable and needed, or is likely to be needed in the near future …" *Cameron Development Co. v. United States*, 145 F.2d 209, 210 (5th Cir. 1944). Finally, when calculating just compensation, the landowner must be compensated "for the loss [she] suffered by being deprived of this property for this period of time." *Yellow Book* at 4.6.5.1.2; *see also Michoud Indus. Facilities*, 322 F.2d at 708.

7. When the interest taken is a temporary easement rather than a fee estate, "compensation is measured by the market rental value for the term of the easement, adjusted as may be appropriate for the rights of use, if any, reserved to the owner." *Yellow Book* at 4.6.5.1.2, Temporary Easements; *see Kimball Laundry Co. v. United States, 338 U.S. 1, 7 (1949)*.

8. Landowners have the right to request that a jury determine the amount of just compensation. Fed. R. Civ. P. 71.1. Defendants timely requested a jury trial in its Answer, Dkt. No. 20, 21, 22.

## C. ARGUMENT

9. Just and adequate compensation for the instant easement is no less than $83.33 per month or $1,000.00 for 12 months, because this is the minimum fair market value of the easement. However, Defendant continues to object to the proposed right of entry.

### I. Just Compensation is the Fair Market Value of the Property Interest Taken Based on the Highest and Best Use of the Land

10. In determining just compensation, courts must consider the highest and best use of the land in question. *United States v. 62.50 Acres of Land in Jefferson Par.*, 953 F.2d 886, 890 (5th Cir. 1992). The highest and most profitable use of the property is the use for which it was actually and potentially suitable and adaptable, and not necessarily what the owner was using the property for at the time of the taking. 5th Cir. Jury Instr. at 13.3. Thus, compensation should not rely solely on the current use of the land, but must consider "all the uses for which [a property] is suitable." *Olson v. United States*, 292 U.S. 246, 255 (1934). The landowner's considerations for the highest and best use of the land must "reasonably be given substantial weight in bargaining between buyer and seller." *Id.* at 257; *Rasmuson v. United States*, 807 F.3d 1343, 1346 (Fed. Cir. 2015). For temporary acquisitions such as this, a highest and best use analysis "normally result[s]

in an owner's putting her land to the most advantageous use." *United States v. Buhler*, 305 F.2d 319, 328 (5th Cir. 1962).

## II. The Fair Market Value of the Property Interest Taken is at Least $83.33 per Month, or $1,000.00 for 12 Months

11. Considering the value of the highest and most profitable use of their land, and comparable rental values for rental interests analogous to the government's easement, just compensation is no less than $83.33 per month, or $1,000.00 for a 12 month easement. This amount is what Defendant would expect as a minimum for an easement over its property, where crews of surveyors would have access to its land at any moment and on multiple occasions throughout the length of the easement. This amount takes into account the "full extent that the prospect of demand for such use affects the market value while the property is privately held." *Olson*, 292 U.S. at 255-57. Moreover, the Defendant through its Parish on the adjoining land in question uses the property in question about four of five times a year for parking. Any boring on the land or other activity could interfere with Defendant's use.

## III. That the Government Surveyors May Access Only on a Fraction of the Land Burdened by the Easement is Irrelevant

12. The government asserts that $100.00 constitutes just compensation for the requested 12-month easement over the entire 5.840 acres in which Defendant owns an interest.. *See* Dkt. No. 16, 1-6; *see also* Dkt. No. 1-3, Dkt. No. 1-4 (Government's identification of Tract RGV-RGC-5035 as 5.840 acres, all of which are subject to the requested easement).

13. The government's basis for this position is that, although their easement is for all of Defendants' 5.840 acres, the government's surveyors "will be on the parent tract for short periods of time." Dkt. No. 25 at 3. This distinction is immaterial. The government acquired an easement over Defendants' *entire* 5.840 acres and has the right to survey any portion of this land

at any time throughout the requested 12-month easement. Thus, just compensation should be assessed for the encumbrance over this larger parent tract, irrespective of any smaller parcel that the government speculates may be the focus for surveying. *See International Paper Co. v. United States*, 227 F.2d 201 (5th Cir. 1955) (just compensation is measured by the owner's loss, not the government's gain). This larger parcel of land is the tract or tracts of land that possess a unity of ownership and have the same, or an integrated, highest and best use. *United States v. Miller*, 317 U.S. 369, 375-76 (1943*); Sharp v. United States*, 191 U.S. 341, 351-56 (1903).

14. Thus, the entire 5.840 acres of land must be considered when calculating just compensation for Defendant, given that the property is one entity for this suit and, if the easement is granted, the government will have the right to access the entirety of this parcel of land at any time within the length of the easement**.** *See* Dkt. No. 1-3, 1-5. Moreover government contractors may have to cross Defendant's adjoining property where a church and church hall are located.

### D. CONCLUSION AND PRAYER

Just compensation for the government's requested easement over Defendant's land is no less than $83.33 per month or $1,000.00 for 12 months, and Defendant Roman Catholic Diocese of Brownsville respectfully requests the Court to grant Defendant's request for a trial by jury on the issue of just and adequate compensation, only if the right of entry is granted which Defendant strongly opposes and objects to as set out in its original answer (Docket 13) and response in opposition to motion for immediate possession (Docket 23).

Dated: June 12, 2020

                                      Respectfully submitted,
                                      **ROMAN      CATHOLIC      DIOCESE      OF BROWNSVILLE, Defendant**

                                      By: */s/ David C. Garza*

**David C. Garza (Attorney in charge)**
Texas State Bar No. 07731400
Southern District of Texas ID No. 3778
dgarza@garzaandgarza.com
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
Brownsville, Texas 78522-2025
Telephone: (956) 541-4914
Fax: (956) 542-7403
**ATTORNEY FOR DEFENDANT**

## Certificate of Service

The undersigned counsel hereby certifies that, on the 12th day of June 2020, he electronically submitted a true and correct copy of the foregoing Brief for Just and Adequate Compensation via the CM/ECF system, which will serve a copy on all counsel of record.

                /s/ *David C. Garza*
                David C. Garza