Case 7:20-cv-00009   Document 48   Filed on 08/18/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 18, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:20-CV-00009 |
| § | |
| 5.840 ACRES OF LAND, MORE OR § | |
| LESS, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER FOR POSSESSION

On January 15, 2020, the United States filed a Complaint and Declaration of Taking (Dkt. Nos. 1–2) with this Court in the above-referenced action. On March 13, 2020, the United States filed its Opposed Motion for Order of Immediate Possession (Dkt. No. 16). The United States seeks the surrender from Defendants of the estate defined as: a temporary, assignable easement beginning on the date this Court grants possession to the United States and ending 12 months later. The easement being claimed consists of the right of the United States, its agents, contractors and assigns to enter in, on, over and across certain tracts of land described with more certainty in Schedules C and D of the Declaration of Taking (Dkt. No. 2).

The easement being sought gives the United States the right to survey, make borings, and conduct other investigations on the tracts of land described in the aforementioned Schedules for the public purpose of conducting surveys, tests, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicles barriers, security lighting, and related structures designed to help secure the United States/Mexico border within the State of Texas. As part of the easement, the United States has acquired the right to trim and remove any vegetative or structural obstacles on the properties that interfere with the aforementioned

purpose and work.

The easement acquired reserves to the landowner(s), their successors and assigns all rights, title and privileges as may be used and enjoyed without interfering with or abridging the rights hereby acquired by the United States, subject to minerals and rights appurtenant and to existing easements for public roads and highways, public utilities, railroads and pipelines.

Now, having considered United States' motion for possession, this Court finds the following support for the United States' motion:

On January 15, 2020, the United States filed a proper complaint in the above-referenced action for the condemnation (taking) of the Defendants' property for temporary easements and declaration of taking of those properties in accordance with 40 U.S.C. § 3114. *See* Dkt. Nos. 1–2. On January 28, 2020, the United States deposited into the Registry of this Court the sum of $100.00 as the estimated just compensation for the taking of the temporary easement to access Defendants' property (Dkt. No. 6), thus acquiring title to the temporary easement.

This Court, therefore, **ORDERS** that all defendants to the above-referenced action and all persons who own or claim ownership, possession and/or control of the property described in the aforementioned Schedules must allow the United States access to the property subject to the following terms:

The United States is hereby granted the right to survey, make borings, and conduct other related investigations on the tract of land described in the aforementioned Schedules for the public purpose of conducting surveys, tests, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicles barriers, security lighting, and related structures designed to help secure the United States/Mexico border within the State of Texas. Additionally, the United States is granted the right to trim or remove any vegetative or

structural obstacles on the property that interfere with the aforementioned purpose and work. The easement acquired by the United States will begin immediately and will end **six (6) months** from the date this Order is entered. To the extent possible, the United States shall use contractors that have appropriate liability insurance. Any questions concerning just compensation for damages, if any, incurred by a defendant that have not been resolved will be addressed by this Court at a later date if and when raised by that defendant.

It is further **ORDERED** that the United States must provide Defendants 72-hour notice before entering the property identified as tract RGV-RGC-5035.

It is further **ORDERED** that Defendants shall have the right to object to the United States' entry on the property identified as tract RGV-RGC-5035 a total of two (2) times.

It is further **ORDERED** that the United States cannot access the property identified as tract RGV-RGC-5035 on Tuesday afternoons or Sundays.

It is further **ORDERED** that the United States and its agents comply with current Centers for Disease Control (CDC) guidance and local health authority orders related to COVID-19.

It is further **ORDERED** that a copy of this order shall be served by the United States upon all owners, all parties claiming ownership, and all persons in possession or control of the properties to the extent these are known.

SO ORDERED this 18th day of August, 2020, at McAllen, Texas.

_____
Randy Crane
United States District Judge