Case 7:20-cv-00009   Document 66   Filed on 07/22/21 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:20-CV-009 |
| § | |
| 5.840 ACRES OF LAND, MORE OR § | |
| LESS, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER DETERMINING JUST COMPENSATION

The Court now considers the United States' "Opposed Motion to Determine Just Compensation." Dkt. No. 64. Plaintiff acquired title to a temporary (6-month) access easement on 5.840 acres of property on January 28, 2020, when it deposited $100.00 in the Court's registry as estimated just compensation for the easement taking. *See* 40 U.S.C. § 3114(b)(1); *United States v. 162.20 Acres of Land, More or Less, Situated in Clay Cty., State of Miss.*, 639 F.2d 299, 303 (5th Cir. 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking.").

"The United States has the authority to take private property for public use by eminent domain, but is obliged by the Fifth Amendment to provide 'just compensation' to the owner thereof." *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9 (1984) The proper measure of just compensation in federal takings actions is fair market value. *United States v. New River Collieries Co.*, 262 U.S. 341, 345 (1923). In determining fair market value, just compensation should be based on "the highest and most profitable use for which the property is adaptable and needed, or is likely to be needed in the near future[.]" *Cameron Development Co. v. United States*, 145 F.2d 209, 210 (5th Cir. 1944). "Ordinarily, the highest and best use for property

sought to be condemned is the use to which it is subjected at the time of the taking." *United States v. Buhler*, 305 F.2d 319, 328 (5th Cir. 1962). "When a condemnee attempts to claim that the highest and best use for the property taken is something other than what the property is currently used for, the Fifth Circuit has held that the burden is on the condemnee to produce credible evidence that, at the time of taking, the use claimed was 'practicable' and that 'there was a reasonable likelihood that [the property] would be so used in the reasonably near future.'" *United States v. 10.64 Acres of Land*, No. 7:08-cv-00066, 2021 WL 733649 at *2 (quoting *United States v. 320.0 Acres of Land, More or Less in Monroe County, State of Fla.*, 605 F.2d 762, 814 (5th Cir. 1979)).

Defendants Nayda Alvarez, Leonel Romeo Alvarez, and Yvette Gaytan assert that the highest and best use of their property is use as a hunting lease. Defendants themselves and their families have recreationally hunted on the property for many years but have never leased the property for hunting. *Id.* at ¶¶ 13–14. Although Defendants provide evidence of what the rental price would potentially be should their land be leased for hunting, they do not provide evidence to suggest there is a reasonable likelihood their property would be leased for hunting in the reasonably near future. Dkt. No. 35 at ¶ 3; *Id.* at ¶ 15. There is no evidence before the Court regarding proximity or similarity of other properties leased for hunting in the surrounding area. Accordingly, because of his lack of evidence, the Court finds Defendants have failed to meet their burden.

Conversely, the Government argues "that the temporary easement acquired in this case has no measurable market value and therefore the nominal sum of $100.00 is sufficient compensation." Dkt. No. 64 at ¶ 6. Upon consideration of the Government's Brief on Just Compensation and attached exhibits, the Court finds that the amount deposited constitutes just

compensation to which the interested parties are entitled. Dkt. No. 38, Exs. 1–3. The easement acquired in this case, which granted Plaintiff a temporary right of entry for survey and investigative purposes, was minimally invasive and without measurable market value, such that nominal compensation in the amount of $100.00 justly compensates the interested parties for the interest taken. *United States v. 50.822 Acres of Land, More or Less, in Nueces Cty., State of Tex.*, 950 F.2d 1165, 1168–69 (5th Cir. 1992) (affirming award of nominal compensation in amount of $100.00 where owners failed to establish value of option to repurchase, which they conceded had no market value). Accordingly, the Court is of the opinion that the Motion (Dkt. No. 64) should be **GRANTED**. The Court finds $100.00 to be just compensation for the easement granted in this case. The Clerk of Court shall, without further order of the Court, disburse the total sum of one-hundred dollars ($100.00), which remains on deposit in the Court's registry, along with any accrued interest earned thereon while on deposit, to be **DISBURSED** as follows:

1. $20.00 shall be payable by check to Yvette Gaytan with accrued interest from the date of deposit;

2. $20.00 shall be payable by check to Leonel Romeo Alvarez with accrued interest from the date of deposit;

3. $20.00 shall be payable by check to Nayda Alvarez with accrued interest from the date of deposit;

4. $20.00 due to the Unknown Heirs of Pedro Garza shall remain in the registry of the Court to be disbursed in the event the Heirs of Pedro Garza come forward; and

5. $20.00 due to Juan R. Cruz shall remain in the registry of the Court to be disbursed to Juan R. Cruz should he come forward.

SO ORDERED this 22nd day of July, 2021, at McAllen, Texas.

_____
Randy Crane
United States District Judge

